UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**REX D TOWNSLEY ET AL**              **CASE NO. 2:21-CV-00293**

**VERSUS**                            **JUDGE JAMES D. CAIN, JR.**

**OHIO SECURITY INSURANCE CO**        **MAGISTRATE JUDGE KAY**

### MEMORANDUM RULING

Before the court is a Motion for Partial Summary Judgment [doc. 25] filed by defendant Ohio Security Insurance Company ("Ohio") and seeking dismissal of plaintiffs' claims for bad faith. Plaintiffs Rex D. Townsley, Todd A. Townsley, and The Townsley Law Firm LLP (collectively, "Townsley") oppose the motion. Doc. 42.

### I.
### BACKGROUND

This suit arises from an insurance claim relating to Hurricane Laura, which made landfall in Southwest Louisiana on August 27, 2020, and Hurricane Delta, which made landfall in the same area on October 9, 2020. Townsley is a law firm located in Lake Charles, Louisiana, and had at all relative times a commercial policy with Ohio providing, inter alia, business interruption insurance. Townsley alleges that, as a result of the property damage, power outages, and mandatory evacuation orders caused by both storms, it suffered a loss of income and is owed coverage under its business interruption insurance. It also asserts that it is entitled to bad faith penalties under Louisiana Revised Statutes §§

22:1892 and 1973 because Ohio has failed to pay anything on its business interruption claim. Doc. 1.

Ohio received Townsley's submissions on November 6, 2020, which itemized losses totaling $614,061.74 from Hurricane Laura in the categories of business income, extra expense, dependent properties, and off premises power failure; and $217,716.72 in the same category from Hurricane Delta. Doc. 25, att. 2, pp. 2, 161–65, 253–57. Townsley also responded to Ohio's request for additional information on December 9, 2020. *Id.* at 294–95. On January 25, 2021, Ohio replied with a letter detailing its findings following a review of Townsley's claim and all information provided. *Id.* at 296–323 (Laura claim); *id.* at 324–41 (Delta claim). There it denied coverage under the policy's business income, extra expense, and civil authority provisions, and requested additional information to investigate Townsley's claims for coverage under the dependent properties and off-premises power outage provisions. *Id.* Townsley then filed suit, and since that time Ohio has not made any payment on the claims. Doc. 1. Townsley opposes Ohio's motion for summary partial summary judgment, asserting that Ohio has received adequate proof of loss to pay the claims. Doc. 42.

## II.
### SUMMARY JUDGMENT STANDARD

Under Rule 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact.

*Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). He may meet his burden by pointing out "the absence of evidence supporting the nonmoving party's case." *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003). The non-moving party is then required to go beyond the pleadings and show that there is a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To this end he must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

### III.
### LAW & APPLICATION

Under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), a federal court sitting in diversity jurisdiction applies the substantive law of the forum state. *Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 687 (5th Cir. 1991). Louisiana Revised Statute § 22:1892 makes an insurer liable for penalties and attorney fees in certain circumstances based on its bad faith

handling of a claim. To prevail under this statute, the insured must show that (1) the insurer received satisfactory proof of loss; (2) the insurer failed to tender payment within 30 days of receiving this proof; and (3) the insurer's failure to pay is "arbitrary, capricious, or without probable cause." *Guillory v. Lee*, 16 So.3d 1104, 1126 (La. 2009). Similarly, Louisiana Revised Statute § 22:1973(B)(5) provides for an award of penalties when an insurer fails to pay within 60 days and that failure is "arbitrary, capricious, or without probable cause."

Under the first factor, proof of loss, Louisiana courts set no strict requirement as to form and instead only require that the insurer "obtain[] sufficient information to act on the claim." *Versai Mgmt. Corp. v. Clarendon Am. Ins. Co.*, 597 F.3d 729, 739 (5th Cir. 2010) (quoting *Sevier v. U.S. Fid. & Guar. Co.*, 497 So.2d 1380, 1384 (La. 1986)). On the third, compliance with the statute means that the insurer "must pay any undisputed amount over which reasonable minds could not differ." *Dupree v. Lafayette Ins. Co.*, 51 So. 3d 673, 698 (La. 2010). The insurer does not act arbitrarily or capriciously, however, if it "has a reasonable basis to defend the claim and acts in good-faith reliance on that defense." *Reed v. State Farm Mut. Auto. Ins., Co.*, 857 So. 2d 1012, 1021 (La. 2003).

Relevant to this motion, the policy provides coverage for lost income and other expenses incurred as a result of off-premises power outage:

> **F.     Off Premises Power Failure.**
> We will pay up to $25,000 for loss of Business Income and Extra Expense caused by the failure of power or other utility service supplied to the described premises if the failure occurs away from the described premises.
> The failure of power or other utility service must result from direct physical loss or damage by a Covered Cause of Loss.

> We will only pay for loss you sustain after the first 24 hours following the direct physical loss to the off premises property.

Doc. 25, att. 2, p. 133. In the January 25 letters, Ohio gave notice that it was extending coverage under this provision for both storms but requested that Townsley provide the date on which power was restored to the premises so that it could determine the end date of the "period of restoration" for this claim. *Id.* at 322, 339–40.

Townsley maintains that this request for more information, and continued delay in payment, was unreasonable because its proofs of loss demonstrate "that one day of revenue far exceeds the $25,000 per storm limit."[1] Doc. 42, p. 17. The parties evidently dispute the value of each day of lost productivity. Following Hurricane Laura's landfall in the early hours of Thursday, August 27, 2020, Ohio maintains that Townsley could have resumed at least partial operations as early as Tuesday, September 1, based on IT invoices showing that some firm employees might have had remote access to the server by that date. But the reasonableness of Ohio's failure to assign any value or render payment for the days during which the entire parish was without power, or even for the Friday and Monday following the storm before server access began to be restored, is a question for the jury to decide. Accordingly, the court will deny summary judgment on statutory claims of bad faith.

---

[1] With respect to Hurricane Laura, Calcasieu Parish remained under a mandatory evacuation order until September 11, 2020. Doc. 25, att. 2, p. 176. Exhibit 3 to Townsley's November 2020 submission identified the end date for this coverage as September 28, 2020, but this appears linked to the reopening of the office on that day. *Id.* at 168, 176. In this submission Townsley also included an invoice from Calcasieu Computer & Networks LLC for the month of September, with the following entry for service dates of September 1–28, 2020:

> Support [Townsley] personnel daily calls. Virtualize office computers & upload to cloud server. Take office computers to Lafayette & setup for remote access. Travel between Lake Charles and Lafayette.

*Id.* at 186.

## IV.
### CONCLUSION

For the reasons stated above, the Motion for Partial Summary Judgment [doc. 25] will be **DENIED**.

**THUS DONE AND SIGNED** in Chambers on this 7th day of October, 2021.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**